UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21031-CIV-HOEVELER

MARIE SIMON,

    Plaintiff,

v.

MG HOSPITALITY SERVICES, INC.,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

THIS CAUSE comes before the Court on the Defendant's Motion for Sanctions. Plaintiff responded in opposition, and Defendant filed a reply brief.

As detailed in this Court's Order of September 19, 2012, Plaintiff filed a new case in March 2012 with the same deficient complaint which had been dismissed by this Court in another case several months earlier. The Court noted that Plaintiff's counsel's actions appeared to be in bad faith, and may have amounted to an abuse of the judicial process, and invited Defense counsel to file a motion for sanctions, specifically as to the attorney's fees unnecessarily incurred in defending against this new (re-filed) action. Defendant filed a motion seeking $11,225.00 in fees and $278.14 in costs, and has provided evidentiary support for that claim.

In opposition to the request for sanctions, Plaintiff's counsel argues that their conduct does not meet the standard for imposition of sanctions pursuant to 28 U.S.C. § 1927. Plaintiff's counsel does not adequately explain why the entire law firm was unable to respond to this Court's Orders, or to pending motions, and - most

importantly – does not address counsel's failure to simply file a timely amended complaint in the original case. Plaintiff's counsel claims that "the lead attorney, with the most knowledge on the suit, was unable to perform and any action, or lack thereof, is equivalent to negligence." In essence, it appears that Plaintiff's counsel, Anthony M. Georges-Pierre, Brody M. Shulman, and Elvis Adan - all members of the firm Remer & Georges-Pierre, place the blame on Mr. Adan. A review of the docket reveals, however, that Mr. Georges-Pierre shares responsibility for the poor conduct at issue here.

Mr. Georges-Pierre filed the initial complaint in the original action, Case No. 10-20816, and remained counsel of record in that case, and failed to respond to a motion to dismiss, despite being directed to do so by the Court. Mr. Georges-Pierre was provided with notice of the Court's Order of Dismissal of that complaint on August 15, 2011. (Notice also was provided to Mr. Adan.) The same deficient complaint then was re-filed as a new case in March 2012; although the complaint was signed by Mr. Adan, the Court notes that Mr. Georges-Pierre was listed as the Plaintiff's attorney on the summons issued by Plaintiff's counsel. Further, in response to the Defendant's motion for sanctions, Plaintiff's counsel acknowledges that the offending conduct in this case, i.e., the re-filing of a previously dismissed complaint, was done by "Mr. Adan <u>and the Firm</u>," (emphasis added) which suggests that Mr. Adan was not acting alone and that the entire firm is responsible for this improper conduct. Moreover, Mr. Adan has remained among the counsel of record in this action, despite reportedly experiencing an "extended leave of absence."

At a minimum, it is clear that the firm's conduct "did not rise to the highest standards of the profession." While the Court declines to impose sanctions on counsel at this time, the Court strongly cautions Plaintiff's counsel - the entire firm - that such poor conduct is unacceptable. In light of the above, it is

ORDERED AND ADJUDGED that the Motion for Sanctions be DENIED.

DONE AND ORDERED in Chambers in Miami this 10th day of July, 2013.

/s/ William M. Hoeveler
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

copies to:   Anthony M. Georges-Pierre, Brody Max Shulman, Elvis Adan
             attorneys for Plaintiff
             Brett Jeremy Schneider, attorney for Defendant